UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>  v.<br><br>JOHN BENNET CULLUM,<br><br>  Defendant.<br>_____ | No. CR 02-40190 CW<br>     CR 04-40176 CW<br><br>REPORT AND RECOMMENDATION REGARDING DEFENDANT'S ADMISSION OF VIOLATIONS OF THE TERMS AND CONDITIONS OF HIS SUPERVISED RELEASE OR PROBATION |

The magistrate court recommends to the district court that it accept the defendant's John Bennet Cullum's admissions to certain violations of the terms and conditions of his supervision as charged in the petition filed on August 12, 2009.  Specifically, on May 17, 2010, the defendant admitted charge one charging that he violated the standard conditions that he not commit another Federal, State or Local crime, and he admitted the following facts:

> On January 10, 2009, the defendant robbed the Wells Fargo Bank located at 725 Irving Street, San Francisco, California of approximately $1,200.00. The defendant was disguised in a dark hair wig, presented a demand note which read something like, "...$5, 10, 20, 100s... loose bills..." The victim teller did not react immediately and asked Cullum what he wanted. Cullum said, "Mam, this is a robbery. I'm robbing you. Hurry up, hurry up, give me the cash. I have a gun. Hurry, hurry." He then leaned over the counter and grabbed the money from the victim teller's hand.

The magistrate court makes the following findings:

  1. On the hearing date set forth above, with the assistance of counsel, the defendant waived his right to admit the violations in district court and instead consented to admit the violations in a

REPORT AND RECOMMENDATION
CR  02-40190 CW & CR 04-40176 CW

1 hearing in magistrate court. Specifically, the magistrate court advised him that he had a right to
2 admit the violations in district court and that under 28 U.S.C. § 636(b) and Federal Rule of Criminal
3 Procedure 59, he could waive that right and consent to admit the violations in a hearing in magistrate
4 court. The magistrate court also advised him that it would issue a written report recommending that
5 the district court accept the admissions, that the district court would review the recommendation and
6 decide whether to accept the admissions, and that the district court and not the magistrate court
7 would sentence him. The magistrate court also advised him of the procedures (also set forth at the
8 end of this order) for challenging the magistrate court's recommendation. The defendant then
9 waived his right to proceed in district court and consented to the magistrate court's conducting the
10 hearing regarding the admission of the supervised release violations.

11     2. The magistrate court then reviewed, and the defendant acknowledged that he understood,
12 the following: (a) the nature of the charge and the maximum penalty he faced; (b) his rights under
13 Federal Rule of Criminal Procedure 32.1(b)(2); (c) the district court, not the magistrate court, would
14 conduct the sentencing; and (d) the parties' sentencing agreement was not binding on the district
15 court.

16     3. After the advisements set forth in Rule 32.1(b)(2) and summarized here, the defendant
17 waived his right to a Rule 32.1(b)(2) hearing and admitted the charges summarized above. The
18 magistrate court found that he was fully competent and capable of admitting the charges in the
19 petition, that he was aware of the nature of the charges and the consequences of admitting them, and
20 that his admission and waiver of rights were knowing and voluntary. This court thus recommends to
21 the district court that it accept the defendant's admissions.

22     4. Any party may serve and file specific written objections within fourteen days after being
23 served with a copy of this order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. Failure to file
24 objections within the specified time may waive a party's right to review. *See* Fed. R. Crim. P. 59(b).

25
26
27
28

REPORT AND RECOMMENDATION
CR 02-40190 CW & CR 04-40176 CW           2

1
2     5. At the parties' request, this court set the matter for further proceedings before the district
3 court on Wednesday, August 4, 2010, at 2:00 p.m.
4     IT IS SO RECOMMENDED.
5 Dated: May 17, 2010                                   _____
                                                        LAUREL BEELER
6                                                       United States Magistrate Judge

REPORT AND RECOMMENDATION
CR  02-40190 CW & CR 04-40176 CW                 3